WHITNEY and wife *v.* MONRO and others.

Executors of a will of real and personal property had filed no inventory in New York, where part of the personalty was, and one of them was controlling the estate, and a wasting of it was alleged, while their pecuniary inability was stated, and it was suggested that coercive steps were about to be taken in the surrogate's office, (where they had, however, lately given bond on application of the present complainant,) and the bill prayed that the executors be enjoined and also suspended, and a receiver appointed. *The court held,* that the surrogate had full power in the premises, and there were not such special circumstances as made it necessary for this court to interfere on the ground of having concurrent jurisdiction. Preliminary injunction dissolved.

MRS. MARGARET MONRO died in the month of March, one thousand eight hundred and thirty-seven, seized of real and personal property. And, under her will, the defendants, Henry Monro and John W. Monro, and the plaintiff, Asa Whitney, (who had married her daughter,) qualified as executors.

*Jan. 15, 1839.*

*Jurisdiction.
Executor.
Surrogate.*

The bill in this case showed that the said Henry Monro and John W. Monro became acting executors, but the property had been principally under the control and management of Henry; that the testatrix died seized of a large real and personal estate, and the said Henry Monro was in receipt of the rents and profits ; that none of the executors had filed any inventory of the personalty, in the surrogate's office, nor rendered any account of the rents or profits of realty or personalty, although requested. That, from his position, the said Henry Monro was the only party capable of furnishing an inventory and an account. That there were persons holding land contracts, who required to be attended to. That the complainants' solicitor had been instructed to institute proper measures, and that such measures were about to be instituted before the surrogate to compel the filing of the said inventory, and also the rendering of the said account, and also for the purpose of having the letters testamentary issued to the aforesaid Henry and John W. Monro suspended, on the ground of their insolvency. The bill charged their pecuniary irresponsibility. That they had

collected large sums, part of the estate, and applied them to their own uses; and that they were allowing large mortgages on the testatrix's property to be foreclosed. *Prayer*, for an injunction to restrain them from paying away, parting with or changing the condition of the estate or its proceeds, and from executing any deeds; and for a decree that the said Henry Monro and John W. Monro be suspended in their office as executors; and that a receiver be appointed, and to whom should be committed the trusts of the will; and for other relief.

A temporary injunction had been granted, and a motion was now made, on bill and affidavits, to dissolve it. By the affidavit of the said Henry Monro, it appeared that an inventory had been filed in one of the counties, and an inventory, to be filed in the surrogate's office in New York, had been prepared, but that a question, as to the insertion of some stock, had kept it off the files; that the plaintiff, Asa Whitney, had received avails of the estate as well as the deponent; and that the said Asa had cited his co-executors before the surrogate of New York, (this was in December last) to give security, which they had done.

Mr. *William N. Dyckman*, for the defendants.

Mr. *E. Blachford*, for the complainants.

THE VICE-CHANCELLOR :—The surrogate had full power by the revised statutes, and by the act concerning the surrogate's courts, passed May 16, 1837, § 61, to do whatever may be necessary to prevent waste of the estate; and in this instance, the surrogate of New York having exercised his authority as far as he deemed it necessary or proper, it is not for this court farther to interfere with the authority of the executors. Even if the court of chancery has concurrent jurisdiction, there are not such special circumstances in this case as to call for this court's interposition after what has taken place.

This injunction must be dissolved. Costs to abide the event.